Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 09 2013, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GERALD MICKENS**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GERALD MICKENS, )
)
    Appellant-Petitioner, )
)
    vs. )    No. 49A02-1112-PC-1162
)
STATE OF INDIANA, )
)
    Appellee-Respondent. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Judge Pro Tempore
Cause No. 49G03-9909-PC-166512

**January 9, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Gerald Mickens ("Mickens") was convicted in Marion Superior Court of murder and carrying a handgun without a license, and his convictions were affirmed on direct appeal. Mickens subsequently filed a petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel. The post-conviction court denied his petition and Mickens appeals pro se.

We affirm.

**Facts and Procedural History**

Facts relevant to the issues presented in this appeal were set forth in Micken's direct appeal of his convictions and are as follows:

> The facts most favorable to the verdict revealed that in late March 1999, sixteen-year-old Lanchester Whitlow (a.k.a."Butter") threatened to "beat up" eighteen-year-old Gerald Mickens ("Bolo") if Mickens refused to pay off his debt to Whitlow. On the night of March 30, 1999, Mickens escorted his fifteen-year-old girlfriend, Sherea Upshaw, northbound on College Avenue to her home. Meanwhile, Whitlow and his sixteen-year-old friend, Marcus Lewis, walked southbound and encountered the couple.
> As the parties approached one another, no words were exchanged. Whitlow punched Mickens in the face once and Lewis struck him. Mickens then stepped back and drew a gun. Lewis had seen Mickens' hand in his pocket earlier, but did not think anything of it until Mickens drew the gun. Lewis ran from Mickens when he saw the gun; Whitlow remained motionless. After hearing a shot, Lewis turned around in time to see Mickens fire a second shot in the vicinity of where Whitlow lay. Whitlow died from gunshot wounds to the head and abdomen.

Mickens v. State, 742 N.E.2d 927, 930 (Ind. 2001) (record citations omitted).

Mickens was ordered to serve an aggregate forty-five year sentence for his murder and carrying a handgun without a license convictions. He then pleaded guilty to being an habitual offender, and his forty-five year sentence was enhanced by an additional thirty years.

2

Mickens raised three issues on direct appeal: 1) the denial of his motion for mistrial due to juror misconduct; 2) his claim that the State did not disprove his claim of self-defense; and 3) his claim that his convictions for murder and carrying a handgun without a license violated the Double Jeopardy Clause of the Indiana Constitution. Our supreme court was not persuaded by Mickens's claims of error and affirmed the trial court in all respects.

In November 2001, Mickens filed his first petition for post-conviction relief and has filed subsequent petitions since. The petition at issue in this appeal is his amended petition filed on February 9, 2010. In that petition, Mickens alleges that his trial counsel was ineffective for 1) failing to object to the self-defense instruction tendered to the jury, 2) failing to investigate the victim's involvement in drug or gang related activity, 3) failing to locate and depose eyewitness James Ingram, and 4) failing to adequately communicate a plea agreement offer to him. Mickens also alleges that his appellate counsel was ineffective for 1) failing to challenge the self-defense instruction as fundamental error, 2) failing to keep Mickens informed "of the decision-making process of his defense," and 3) failing to independently investigate Mickens's "claims." Appellant's App. p. 224.

A hearing was held on Mickens's petition on March 1, 2011. Mickens's trial counsel, James Ingram, and Mickens testified at the hearing, but appellant counsel did not testify. On December 1, 2011, the post-conviction court issued findings of fact and conclusions of law, determining that Mickens failed to establish that his trial and appellate counsel were ineffective. The court therefore denied Mickens's petition for

3

post-conviction relief. Mickens now appeals. Additional facts will be provided as necessary.

## Standard of Review

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Id. at 644.

## Discussion and Decision

Mickens argues that the post-conviction court erred when it concluded that he did not receive ineffective assistance of trial and appellate counsel. To prevail on a claim of

4

ineffective assistance of counsel, Mickens must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). There is a strong presumption that counsel rendered adequate assistance. Id. "Evidence of isolated poor strategy, inexperience or bad tactics will not support a claim of ineffective assistance." Id. at 273.

To establish the prejudice prong of the test, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Sims v. State, 771 N.E.2d 734, 741 (Ind. Ct. App. 2002), trans. denied. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." Coleman, 694 N.E.2d at 272. This standard applies to both claims of ineffective assistance of trial and appellate counsel. Rhoiney v. State, 940 N.E.2d 841, 845 (Ind. Ct. App. 2010), trans. denied.

A. *Trial Counsel*

Mickens argues that his trial counsel was ineffective for failing to object to the self-defense instruction tendered to the jury, failing to procure the testimony of eyewitness James Ingram, and failing to adequately advise Mickens of the possibility of the State filing a murder charge during their discussion of the State's plea offer.

### 1. *The Self-Defense Jury Instruction*

The self-defense instruction tendered to the jury was, at all times during Mickens's trial and appellate proceedings, the pattern jury instruction on self-defense. The instruction included a list of reasons a person would not be justified in using force against another person. Approximately two weeks after our supreme court decided Mickens's direct appeal, the court decided Mayes v. State, 744 N.E.2d 390 (Ind. 2001).

In that case, the court specifically addressed whether the jury should have been instructed that a "person is not justified in using force if . . . [h]e is committing, or is escaping after the commission] of[,] a crime[.]" Id. at 392. The court observed that "[a] literal application of the contemporaneous crime exception would nullify claims for self-defense in a variety of circumstances and produce absurd results in the process." Id. at 393. The court then held:

> We conclude that because a defendant is committing a crime at the time he is allegedly defending himself is not sufficient standing alone to deprive the defendant of the defense of self-defense. Rather, there must be an immediate causal connection between the crime and the confrontation. Stated differently, the evidence must show that but for the defendant committing a crime, the confrontation resulting in injury to the victim would not have occurred.

Id. at 394. However, the court concluded that tendering the self-defense instruction to the jury was not erroneous because it correctly stated the law, it was not covered by other instructions, and the State presented evidence to support giving the instruction. Id. at 394-95.

The pattern instruction at issue in this case was a correct statement of the law. However, after Mayes, the instruction was not a complete statement of the law.[1] Even so, we cannot conclude that trial counsel was ineffective for failing to challenge the instruction. An attorney is not required to anticipate changes in the law in order to be considered effective. Smylie v. State, 823 N.E.2d 679, 690 (Ind. 2005)

Even more importantly, any error in tendering the instruction to the jury did not prejudice Mickens. Mickens shot the victim causing him to fall to the ground and then shot the victim a second time. "Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. When danger of death or great bodily harm ceases, the right of self-defense ceases with it." Fuentes v. State, 952 N.E.2d 275, 279 (Ind. Ct. App. 2011) (citations omitted). After Mickens shot the victim once, any threat to Mickens had been neutralized, and his right to self-defense ceased. Because the second shot fatally undercuts his claim of self-defense, Mickens cannot establish that he was prejudiced by any error in the instruction. For these reasons, we cannot conclude that trial counsel was ineffective for failing to object to the instruction.

---

[1] See Henderson v. State, 795 N.E.2d 473, 479-80 (Ind. Ct. App. 2003) (addressing a challenge to a similar self-defense instruction and stating "the instruction given was a correct statement of the law as was determined by our Supreme Court in Mayes. Nonetheless, in line with the reasoning of the concurring opinion in Mayes, the instruction as given was an incomplete statement of the law because it did not explain to the jury that a causal connection between the crime and the confrontation was necessary in order to preclude a finding of self-defense. Had the trial court amended the instruction to include the suggestion of Henderson as stated in his objection, the instruction would have still been correct and would have been a more complete statement of the law.").

## 2. *Ingram's testimony*

Next, we consider whether trial counsel was ineffective for failing to procure the testimony of eyewitness James Ingram. Generally, "in the context of an ineffective assistance claim, 'a decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess.'" Curtis v. State, 905 N.E.2d 410, 415 (Ind. Ct. App. 2009) (quoting Johnson v. State, 832 N.E.2d 985, 1003 (Ind. Ct. App. 2005), trans. denied); see also Wrinkles v. State, 749 N.E.2d 1179, 1200 (Ind. 2001) (stating "[w]hich witnesses to call is the epitome of a strategic decision.") (citation and quotation marks omitted).

Ingram was driving by in his van when the shooting occurred and saw the shooter flee the scene. Ingram did not testify at trial. At the post-conviction hearing, Ingram testified that he noticed Mickens and the victim arguing. Tr. p. 31. Ingram heard three gunshots, observed Mickens with the gun in his hand, looking toward the ground, and backing away from the victim. Id. at 37. He then saw the "kid with the gun" flee the scene. Id. at 31. Ingram gave a statement to the police after the shooting, but his address was listed incorrectly on his statement. Trial counsel testified that he would have reviewed Ingram's statement but could not recall whether he had issued a subpoena for him, or why he declined to call Ingram as a witness at trial. Tr. pp. 13-14.

Mickens claims that if the jury had heard Ingram's testimony that he heard three gunshots fired one after the other, "the jury very well could have inferred that Mickens did act in self-defense[.]" Appellant's Br. at 15. After reviewing Ingram's testimony at the post-conviction hearing, we cannot conclude that his testimony would have supported

8

Mickens's claim of self-defense. As such, Mickens cannot establish that the result of his trial would have been different. For all of these reasons, we conclude that trial counsel was not ineffective for failing to procure Ingram's testimony at trial.

### 3. *Plea Agreement Offer*

Finally, Mickens argues that his trial counsel was ineffective for failing to adequately communicate a plea agreement offer to Mickens for the original reckless homicide charge. Mickens's recollection of the plea agreement was that he would agree to plead guilty to reckless homicide and receive a twenty-year sentence. Trial counsel testified that he conveyed the plea agreement offer to Mickens, explained the agreement, and discussed it with him.

Mickens agreed that trial counsel discussed the plea agreement offer with him. Tr. p. 42. Mickens stated that it was presented to him on September 22, 1999, and that he had "mixed emotions about the plea." Tr. p. 43. He stated that he planned to ask trial counsel if "he could do anything else, and if he couldn't I was going to take the plea." Id. But two days later, on September 24, 1999, the State withdrew its offer and dismissed the reckless homicide charge, and subsequently filed the murder charge.

Mickens argues that trial counsel's "failure to convey the possibility of a Murder charge belies the correct and well-advised opportunity of Mickens to take the plea for twenty years offered by the State to him prior to trial." Appellant's Br. at 15. But Mickens has not presented any evidence to establish that either he or trial counsel knew the State was contemplating filing a murder charge. But the converse is also true, it is entirely possible that both Mickens and his trial counsel knew that filing a murder charge

was a possibility, particularly under the facts of this case. The record is silent on this issue. Importantly, there is also no evidence that trial counsel advised Mickens to reject the State's plea offer.[2] For all of these reasons, Mickens has not established that he was prejudiced by trial counsel's performance during the plea bargaining process.

B. *Appellate Counsel*

Mickens argues that his appellate counsel was ineffective for failing to argue that the self-defense instruction subjected him to fundamental error. Our supreme court has recognized three types of ineffective assistance of appellate counsel: (1) denial of access to appeal; (2) failure to raise issues that should have been raised; and (3) failure to present issues well. Wrinkles v. State, 749 N .E.2d 1179, 1203 (Ind. 2001).

> When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (citations and quotation marks omitted). We must determine "(1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006) (citation omitted), trans. denied.

---

[2] For these reasons, the facts of this case are readily distinguishable from those in Lafler v. Cooper, 132 S.Ct. 1376 (2012), which Mickens cites to in his brief, but does not argue how it should be applied to his case.

10

Like trial counsel, "[a]ppellate counsel cannot be held ineffective for failing to anticipate or effectuate a change in the existing law." <u>Donnegan v. State</u>, 889 N.E.2d 886, 893 (Ind. Ct. App. 2008), <u>trans. denied</u>. Moreover, had appellate counsel challenged the instruction as fundament error, counsel would not have prevailed. Like the circumstances, presented in <u>Mayes</u>, the evidence supported giving the instruction because it was for the jury to determine whether there was a causal connection between Mickens's possession of the unlicensed handgun and the victim's death. <u>See</u> <u>Mayes</u> 744 N.E.2d at 394. Furthermore, as we stated above, the fact that Mickens shot the victim twice clearly undercuts his claim of self-defense. Therefore, had the issue been raised on direct appeal, Mickens could not have established that he was prejudiced by any error in the instruction. We therefore conclude that the trial court properly determined that Mickens's appellate counsel was not ineffective.[3]

For all of these reasons, we conclude that the trial court did not err when it denied Mickens's petition for post-conviction relief.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

---

[3] Mickens attempts to argue that trial counsel's alleged failure to "conduct any meaningful pretrial investigation and to properly present the defendant's case" should be imputed to appellate counsel. Appellant counsel cannot be ineffective these alleged deficiencies. <u>See</u> <u>Wrinkles</u>, 749 N.E.2d at 1203 (describing appellate counsel's acts or omissions that are considered ineffective assistance of counsel).